FILED
2012 May-02  AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLETTE SWANN JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4).  This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991" and 42 U.S.C. § 1981. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, providing injunctive and other relief against racial discrimination, gender discrimination, and retaliation in employment.

## II. PARTIES

2.     Plaintiff, Charlette Swann Jackson, is a female citizen of the United States and is a resident of Adamsville, Alabama.

3.     Defendant, United Parcel Service, Inc., is a Corporation doing business in the State of Alabama.   At all times relevant to this action, Defendant has maintained and operated a business in Alabama.  Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e(b),(g) and (h).

## III. ADMINISTRATIVE PROCEDURES

4.     Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at United Parcel Service, Inc.

6.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of gender, and subjecting Plaintiff and other female employees to sexual harassment and a hostile work environment.

7.     Within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Pl aintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.     Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on February 2, 2012, and Plaintiff filed suit within ninety (90) days of receipt of her Notice of Right to Sue.  On September 22, 2011, the EEOC issued a Cause Determination and determined there is reasonable cause to believe that a violation occurred.

9.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. FACTS

10.     Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) herein above as if fully set forth herein.

11.     Plaintiff, Charlette Swann Jackson, is an African American female and began working for the Defendant 1992.

12.     On or about April 15, 2010, Plaintiff filed a charge of discrimination against Defendant after being physically assaulted by her Male District Manager when she reached out to shake his hand. Plaintiff complained to Human Resources, prior to filing a Charge of Discrimination, and when no action was taken regarding

her complaints, Plaintiff filed her Charge to have her claims investigated by the EEOC.

13.     Plaintiff has been applying for management positions with Defendant since 2007, and is qualified for the position of manager.

14.     Charlene Thomas asked Plaintiff about pursing a management position, and told Plaintiff she needed to have a college degree.  Plaintiff enrolled in school and graduated from college in 2008.

15.     In July 2010, Plaintiff submitted her letter of interest and promotion packet for an open and available management position to her manager, Wendy Whitlow.

16.     On or about January 28, 2011, Plaintiff learned that Defendant failed to promote her to a management position in which she applied for and was qualified to fill.  Whitlow failed to provide Human Resources and Defendant's District Office with Plaintiff's letter of interest and promotion packet.  Whitlow instead submitted three Caucasian male candidates' letters of interest and promotion packets.

17.     The position was filed by a Caucasian male with less company longevity.

18.     In January 2011, Plaintiff submitted another letter of interest and promotion packet for a management position.

19.     Plaintiff was interviewed for a position; however, the position was given to another Caucasian male with less company longevity.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

#### STATEMENT OF PLAINTIFF'S GENDER DISCRIMINATION CLAIMS

20.     Plaintiff adopts and realleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

21.     Plaintiff avers, based on the facts set forth herein, while she has been employed by Defendant, she has been denied positions, pay, promotions and subjected to different terms and conditions of employment because of her gender and discriminated against because of her gender. Plaintiff further avers that female employees are subjected to discriminatory terms and conditions of employment and that the Defendant has a habit and/or practice of discriminating against women.

22.     Plaintiff was denied promotions to management positions because fo her gender, and Defendant hired males with less company longevity to management positions.

23.     Plaintiff avers Defendant has condoned and tolerated the gender discrimination.  Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, as amended.

24.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

25.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

26.     The Plaintiff has satisfied all administrative prerequisites to bring this claim.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended;

b.     Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended;

c.    Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and,

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S RETALIATION CLAIMS

27.    Plaintiff adopts and realleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28.    Plaintiff avers that she has been denied pay, denied positions, and subjected to other adverse employment action for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered.

29.    Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended, and in violation of the "Civil Rights Act of 1866," as amended. The Defendants have a habit and/or practice of retaliating against employees that engage in protected activity.

30.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages,

punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964,"as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended;

c.      Grant Plaintiff an Order requiring the Defendants to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

### STATEMENT OF PLAINTIFF'S TITLE VII AND § 1981 RACIAL DISCRIMINATION CLAIMS

31.    Plaintiff adopts and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32.    Plaintiff avers, based on the facts set forth herein, she has been denied a promotions because of her race, African American.

33.    Plaintiff avers the Defendant has a policy and/or practice of refusing to promote African Americans to management positions.

34.    Plaintiff avers she has been denied pay, denied promotions, and subjected to other adverse actions because of her race, African American.

35.    Plaintiff avers Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

36.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

37.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

38.     The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964,"as amended, and 42 U.S.C. § 1981, as amended;

b.     Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.     Grant Plaintiff an Order requiring the Defendants to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and

benefits as justice may require.

## PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

_____
CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
New South Federal Savings Bldg., Ste 811
215 N. Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

**PLAINTIFF'S ADDRESS:**

Ms. Charlette Swann Jackson
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd.
Ste 811, New South Federal Savings Bldg.
Birmingham, Alabama 35203


**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

United Parcel Service, Inc.
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104