FILED

2013 Nov-06  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLETTE SWANN JACKSON,       }
                               }
      Plaintiff,               }
                               }        CIVIL ACTION NO.
v.                             }        12-AR-1753-S
                               }
UNITED PARCEL SERVICE, INC.,   }
                               }
      Defendant.               }

## MEMORANDUM OPINION AND ORDER

The procedural circumstances which led to this court's possibly erroneous order of November 5, 2013, expressing the belief that the court lacks jurisdiction to rule upon plaintiff's motion for reconsideration, are as follows:

1.   On October 4, 2013, the court granted the motion of defendant, United Parcel Service, Inc., for summary judgment and entered final judgment against plaintiff, Charlette Swann Jackson, dismissing her action with prejudice.

2.   On October 22, 2013, plaintiff filed a motion to amend her complaint and a motion for reconsideration of the dismissal of October 4, 2013.  She did not expressly invoke Federal Rule of Civil Procedure ("FRCP") 59(e).

3.   On October 23, 2013, the court entered an order granting defendant until November 6, 2013, to respond to plaintiff's post-judgment motions.

4.   On November 4, 2013, plaintiff filed a notice of appeal to the Court of Appeals for the Eleventh Circuit from the final

judgment entered on October 4, 2013.

**\* \* \* \* \***

Under the foregoing circumstances, defendant is RELIEVED of any obligation to respond to plaintiff's post-judgment motions **by November 6, 2013.**

The court has never before been confronted with post-judgment motions that, if granted, would reinstate a case and take away from the appellant the appealable order from the appeal that was taken. If this plaintiff should prevail on her post-judgment motions, her appeal would be eliminated.

Federal Rule of Appellate Procedure ("FRAP") 4(a)(4)(B)(i) is ambiguous as to what effect plaintiff's pending appeal has upon the jurisdiction of the court to rule on plaintiff's post-judgment motions.  The circumstances are unique.  Under FRAP 4, the appeal arguably renders the notice of appeal a nullity until there is a ruling on the FRCP 59(e) motion.  But plaintiff not only filed an FRCP 59(e) motion, but a motion for leave to amend her complaint, something entirely different and clearly not contemplated as a tolling device on the time for appeal under FRAP 4.

It appears to the court that by filing her notice of appeal, plaintiff implicitly withdrew or abandoned her post-judgment motions.  If the court understands plaintiff correctly in this regard, this court's order of November 5, 2013, was unnecessary, and is due to be set aside.  If plaintiff intends to pursue her

post-judgment motions while also pursuing her appeal, this court's jurisdiction is still a matter to be determined.

The parties are hereby separately ORDERED **by November 22, 2013,** to show cause in writing, if they can do so, why the post-judgment motions should not be deemed withdrawn, abandoned, or rendered moot, without prejudice, of course, to the appeal itself. If defendant decides that it cannot show such cause, and concedes that this court has jurisdiction over plaintiff's post-judgment motions, or either of them, it shall simultaneously respond to plaintiff's motions on their merits.

DONE this 6th day of November, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE